UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **HOOSIER CARE, INC.**, a not-for-profit Indiana corporation d/b/a **SWANN SPECIAL CARE CENTER**, <br><br>　　　　　**Plaintiff,** <br><br>　　v. <br><br>**MICHAEL CHERTOFF**, Secretary of the Department of Homeland Security; **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**; **EDUARDO AGUIRRE, JR.**, Commissioner of the United States Citizenship and Immigration Services; and **ROBERT P. WIEMANN**, Director of the Administrative Appeals Office of the United States Citizenship and Immigration Services, <br><br>　　　　　**Defendants.** | Case No. 05-2050 |

## OPINION

On February 22, 2005, Plaintiff Hoosier Care, Inc., d/b/a Swann Special Care Center (Swann) filed a complaint (#1) seeking review under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, of a final administrative decision denying immigration petitions for Raymond Apari and Joe Jerry Buquing.[1] On June 19, 2006, Defendants filed a Motion for Summary Judgment

---

[1] In its complaint, Swann also seeks review of the petition of Bernard Sarol. However, the AAO has vacated that denial and his petition was approved. Accordingly, his petition is no longer at issue in this litigation.

(#22).[2] The matter is now fully briefed, and for the reasons that follow, the Motion for Summary Judgment is GRANTED.

## FACTS

In 2002, Swann filed immigrant visa petitions on behalf of Joe Buquing and Raymond Apari. Buquing and Apari are citizens of the Phillippines. Swann sought to hire Buquing and Apari as "Developmental Disability Specialists" at Swann's facility. Swann sought to classify Buquing and Apari as skilled workers, or, in the alternative, as unskilled workers if the United States Citizenship and Immigration Service (USCIS) determined that the position constituted unskilled work. Swann indicated in documents submitted with the petitions that the minimum education, training, and experience for the position was a bachelor's degree in any field. On September 30, 2003, the Service Center Director of the USCIS (Director) denied the petitions of Buquing and Aprai, finding that neither worker satisfied the definition of "skilled worker," finding the bachelor's degrees held by Buquing and Apari were not "relevant" education for the position as set forth in the Code of Federal Regulations. The Service Center certified these decisions to the USCIS's Administrative Appeals Office (AAO). The AAO upheld the denials of the visa petitions of Apari and Buquing. Swann now seeks review of this determination.

In affirming the decision of the Director, the AAO began by analyzing whether Buquing and Apari could be considered skilled workers pursuant to the governing regulations. The AAO framed the issue as centering "on the meaning of relevant post-secondary education and whether the bachelor's degrees possessed by the beneficiaries satisfy the regulatory requirements." The AAO went on to note that Apari was 27 years old and holds a bachelor's degree in agriculture. Regarding

---

[2] Swann also filed a document entitled Brief of Plaintiff in Support of Complaint for Administrative Review (#17) on May 1, 2006. This court has considered this brief in ruling on the Motion for Summary Judgment.

-2-

Apari, the AAO further noted that the petition indicated he had no additional qualifications, skills, proficiencies, or licenses for the position and had been unemployed in the three years leading to the submission of the application. Buquing was 31 years old and holds a bachelor's degree in maritime transportation. Like Apari, Buquing's application did not indicate he had any additional qualifications, skills, proficiencies, or licenses for the position. With regard to Buquing's work experience, he had been a factory worker, crane operator, and a baker. The AAO noted that the Director had reviewed the transcripts of Apari and Buquing and found that the educations consisted of general coursework and courses in their major areas of study.

The AAO further reviewed information submitted by Swann in the form of letters from three individuals who supported the assertion of Swann that a bachelor's degree in any field provides the necessary training and experience for the developmental disability specialist position. Two letters were from employees of Swann. The third letter was from Dr. Rosa Santos, an assistant professor in the Department of Special Education at the University of Illinois, Urbana-Champaign. All three letters supported the assertion that any bachelor's degree qualified a person for the positions sought. The letter submitted by Cathy Potter, Director of the Day Training Program at Swann, indicated Swann serves individuals who are "severely and profoundly" handicapped and unable to be cared for by their families. Potter stated that any bachelor's degree was sufficient because, in addition to knowledge and skill obtained in their education, bachelor's degree candidates also "demonstrate a higher degree of interest and curiosity" in helping the residents "actualize themselves." Potter further noted these applicants "encourage us to see our residents and what they do in ways we never would have thought of" and have "proven to be successful." Dr. Santos indicated those with bachelor's degrees are qualified for the position due to their ability "to comprehend new concepts, develop analytical skills, apply concepts and ideas, evaluate outcomes and develop organizational skills." The AAO noted in analyzing these letters that none of them provided information "on the

number of persons currently in developmental disability specialist positions, whether the job description of those to be employed in the positions matches the job description of those currently performing the duties, what type of degrees the persons currently filling the positions possess, or any indicators of the success of those persons such as evaluations, retention rates, etc." The AAO further noted that "the authors offer no evaluation of the educational background of any of the beneficiaries for the positions or their specific qualifications for the position."

The AAO then turned to defining what is meant by the term "relevant" under the applicable regulation which states that "[r]elevant post-secondary education may be considered" in determining skilled worker status. The AAO found as follows:

> We find, in keeping with both the legal definitions of the term, and the policy reasons underlying the regulatory scheme, that relevant post secondary education, which can serve to satisfy training or experience, is education which bears more than a casual relationship to the matter at hand, i.e., the duties to be performed. For this reason, we interpret the term relevant to mean that for a beneficiary's post secondary education to be considered, it must be logically related and have appreciable probative value as to the capacity of the beneficiary to perform the job duties on the basis of the educational qualifications alone.

In considering Swann's argument that holding any bachelor's degree qualifies the petitioners as skilled workers, the AAO stated:

> The difficulty with the position advanced by counsel is that it has the practical effect of modifying the regulation to state simply, "post secondary education may be considered as training for the purposes of this provision." Were the regulation to be modified in this way, then certainly situations involving applicants with post-secondary degrees would qualify without a need to examine the connection of that

-4-

post secondary education to the duties performed. . . . Because the attributes noted by the petitioner as being acquired in a post-secondary environment are inherent in that experience, it renders the regulation's requirement of relevancy to be a redundant requirement. Because we believe that meaning must be given to all components of the regulatory definition, we decline to adopt the position advanced by counsel. The AAO believes that the regulation attempts to provide an appropriate requirement that the educational experience be directly connected to duties of the job being performed beyond generic experiences which any post-secondary experience provides.

The AAO then turned to analyzing whether Apari and Buquing had training, experience, or relevant post-secondary education which would enable them to do skilled work and found they did not. The AAO noted that among the post-secondary education likely to be relevant are "areas of study involving teaching, various fields of health care, occupational training, or therapy."

The AAO finally turned to the argument by Swann that Apari and Buquing should, in the alternative, be approved as "other workers" instead of "skilled workers." In rejecting this argument, the AAO pointed out that counsel for Swann had stated that Swann "assert[s] that the position of Developmental Disability Specialist is more appropriately classified as a 203(A)(b)(3)(i) skilled worker." The AAO went on to state:

> [H]aving made certain representations regarding the type of position and its requirements, counsel cannot now modify those representations. Furthermore, CIS has the obligation to ensure that the position is filled with a qualified worker. Because we conclude that the position's requirements correspond to a skilled worker, and the beneficiaries do not have the necessary qualifications, the unskilled worker category cannot be used to accomplish the outcome that is otherwise unavailable.

The AAO therefore affirmed the denial of the immigrant visa petitions for Apari and Buquing. Swann seeks review of that ruling.

ANALYSIS

This case presents a review of an agency decision under the Administrative Procedures Act. 5 U.S.C. 701, *et seq*. This court reviews the decision of an agency to determine whether the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). Under this standard, this court's inquiry is to be "searching and careful" but "the ultimate standard of review is a narrow one." Highway J Citizens Group v. Mineta, 349 F.3d 938, 952 (7th Cir. 2003). The court must only ask "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Highway J., 349 F.3d at 952-53.

The central issue presented below involved the interpretation of the term "relevant" as used in 8 C.F.R. § 204.5(l)(2). This portion of the regulations states:

> Skilled worker means an alien who is capable, at the time of petitioning for this classification, of performing skilled labor (requiring at least two years training or experience), not of a temporary or seasonal nature, for which qualified workers are not available in the United States. Relevant post-secondary education may be considered as training for the purposes of this provision.

8 C.F.R. § 204.5(l)(2). The term "relevant" is not defined in the regulations, so the AAO turned to Black's Law Dictionary for guidance in defining the term. After considering this definition and the policy reasons underlying the regulatory scheme, the AAO determined that "for a beneficiary's post secondary education to be considered, it must be logically related and have appreciable probative value as to the capacity of the beneficiary to perform the job duties on the basis of the educational qualifications alone." The AAO went on to note that public policy reasons support this

interpretation, noting that the "underlying basis of the employment-based immigrant petition process is to allow petitioners to offer U.S. jobs to foreign workers, and authorize those workers to receive permanent resident status in the U.S., but to do so through a process that offers the job opportunity in the first instance to qualified U.S. workers, and to fill a job in which a need exists for labor with an individual who is fully qualified to perform that job."

Plaintiff argued before the AAO, and argues again before this court, that a bachelor's degree in any field is relevant post-secondary education for the position of developmental disability specialist. In support of this argument, Plaintiff cites the letters written by Santos and the two employees of Swann. The AAO rejected this argument, finding Apari's education in the field of agriculture and Buquing's education in the field of maritime transport were not relevant. The AAO noted that relevant education would involve such fields as "health care, occupational training, or therapy." The AAO further stressed the importance of determining foreign workers are qualified to perform a given job, stating this is especially important "for a job that involves individuals with such critical needs as the patients who will be served by the Developmental Disability Specialists, that is, severely handicapped children."

This court cannot find that the determination of the AAO was arbitrary or capricious. To hold that any bachelor's degree is "relevant" would be to make the term "relevant" in the regulations meaningless. "It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence or word shall be superfluous, void, or insignificant." TRW, Inc. v. Andrews, 534 U.S. 19, 31 (2001). The AAO, in a very considered decision, recognized the importance of the descriptor "relevant" and reached a reasoned decision as to its meaning in the context of the regulation. This court finds no error in that judgment.

In support of its assertion that the determination of the AAO was arbitrary and capricious, Swann cites to Button Depot, Inc. v. U.S. Dept. of Homeland Sec., 386 F. Supp. 2d 1140 (C.D. Cal.

2005). In that case, the beneficiary, Saynes, held a degree in business administration. Button Depot requested H1-B classification to employ Saynes in the "specialty occupation" of accountant. See 8 U.S.C. § 1101(a)(15)(H)(i)(b). The court found that USCIS abused its discretion in determining Saynes did not qualify. Button Depot, 386 F. Supp. 2d at 1149. This court finds the Button Depot case unpersuasive when applied to the facts of the instant case. The relationship between a business administration degree and a job in accounting is much more clear than one between maritime transportation or agriculture and a job in caring for the developmentally disabled. Furthermore, the court in Button Depot was employing a different portion of the statute from that presented in the instant case.

Swann further argues that it is up to the employer and the Department of Labor to establish the requirements for employment in the immigration context. However, Swann's argument discounts the separate role of the Department of Labor and the Department of Homeland Security. While the Department of Labor certifies there are not enough American workers for a job and that an alien's employment will not have a negative impact on American wages or working conditions, it is up to the Department of Homeland Security to determine whether an alien is entitled to the job after applying the appropriate statutory requirements. See Tongatapu Woodcraft Hawaii, Ltd v. Feldman, 736 F.2d 1305, 1309 (9th Cir. 1984). Accordingly, this argument is unavailing.

Finally, Swann argues that the AAO disregarded the letters submitted by Swann indicating that any bachelor's degree is relevant education for the position of developmental disability specialist. It is apparent from the record that the AAO did consider this evidence, but did not find it persuasive. Rather, the AAO found that the requirement of relevant education under the regulations is not met by a requirement of a degree in "any field." As discussed above, this court finds the decision of the AAO to be appropriate based upon this court's review of the administrative record and the applicable law.

IT IS THEREFORE ORDERED:

(1) Defendants' Motion for Summary Judgment (#22) is GRANTED.

(2) This case is terminated.

ENTERED this 31st day of August, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE